IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC BERNARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no. 25-cv-50364 |
| | ) |
| v. | ) The Honorable Iain D. Johnston |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**IDOC DEFENDANTS' MOTION TO COMPEL THE IN-PERSON DEPOSITION OF PLAINTIFF AT A PLACE OF HIS CHOOSING WITHIN 100 MILES OF HIS RESIDENCE**

NOW COME Defendants, Illinois Department of Corrections, Rob Jeffreys, John R. Baldwin, Sherwin Miles, Berneita Barnes, Tarry Williams, Teri Kennedy, Dr. Steven Meeks, Officer Wesam Ali, Officer Walter Blount, Officer Eddie Bunch, Officer Richard Degrave, Officer Irvin Figueroa, Officer Nathan Harris, Officer Jose Hernandez, Officer Gerald Keith, Officer Ruben Martinez, Officer Piotr Mroz, Officer Nicholas Page, Officer Arturo Palma, Officer John Plase, Officer Levon Powell, Officer William Rosario, Officer D. Williams, Lt. Calvin Bell, Lt. Derek Jaburek, Lt. Alphonso Norman, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, respectfully submit their Motion to Compel Plaintiff's in-person deposition. In support thereof, Defendants state as follows:

1. On September 16, 2025, the IDOC Defendants sent a notice of deposition to counsel for Plaintiff.

2. The deposition is noticed for September 30, 2025, at 9:00am at counsel for Plaintiff's office.

3.  After issues surrounding Plaintiff's ability to travel were raised, the IDOC Defendants proposed that Plaintiff and his counsel pick a location closer to Plaintiff, within 100 miles of Plaintiff's residence, for his in-person deposition.

4.  Much to the surprise of Defendants' counsel, Plaintiff's counsel objected to in-person deposition of Plaintiff as "unconscionable harassment" and as an opportunity to "gawk" at the Plaintiff.

5.  On September 19, 2025, the parties conducted a Local Rule 37.2 conference which included a discussion regarding this issue. The parties discussed the issue and reached an impasse as Plaintiff declined the Defendants' offer to accommodate and compromise by allowing him to choose the location best for him and insisted upon a remote deposition.

6.  As the party noticing the deposition, the IDOC Defendants provided a notice that stated the time and place of the deposition pursuant to FRCP Rule 30(b)(1).

7.  After an email exchange laying out the proposal and the aforementioned video conference where the parties discussed their respective views on this dispute, the Defendants now respectfully move for an order compelling Plaintiff's deposition to be in-person. The Defendants file this motion and request this relief not to harass the Plaintiff but to get a reasonable outcome from this discovery dispute: the in-person deposition of the Plaintiff at a location of his choice within 100 miles of his residence.

8.  Federal Rule of Civil Procedure 30(b)(4) gives courts the discretion to order that a deposition be taken remotely. Fed. R. Civ. P. 30(b)(4). "Courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally." *In re Broiler Chicken Antitrust Litig.*, 2020 U.S. Dist. LEXIS 111420, at *7 (N.D. Ill. June 25, 2020). Rule 30(b)(4)'s granting of discretion to Courts over discovery to determine whether there is a good cause or

reason to take a deposition by remote means when the case is looked at as a whole. *Id.* "The decision whether to allow a remote deposition essentially involves a careful weighing of the reasons put forth by the proponent of the remote deposition and the claims of prejudice and hardship advanced by the party opposing the deposition." *Id.* (citing *Learning Resources, Inc. v. Playgo Toys Enterprises Ltd.*, 2020 U.S. Dist. LEXIS 104790, at *3-4 (N.D. Ill. June 16, 2020)).

9. However, "[c]ases in this area are heavily fact dependent." *In re Broiler Chicken Antitrust Litig.*, 2020 U.S. Dist. LEXIS 111420, at *90.

10. In the case at bar, Plaintiff's complaint centers on the extent of his physical disabilities and Defendants' treatment or accommodations thereof. Frankly, Defendants contend Plaintiff consistently exaggerated the extent of his disabilities while incarcerated. As the undersigned has freely conceded to Plaintiff, undersigned is not a medical doctor. But the undersigned has a duty to zealously advocate for his clients. In order to give his clients informed legal advice and present a full defense in a case that centers on Plaintiff's physical capabilities, undersigned needs to observe Plaintiff, to see with his own eyes, whether, as numerous people including medical doctors have claimed, Plaintiff is malingering.

11. The undersigned counsel is sympathetic to Plaintiff's counsel's emotional response. But Plaintiff's counsel has had the benefit of observing Mr. Bernard. Undersigned counsel has not.

12. At bottom, Defendants' counsel believe they have made a fair compromise to Plaintiff. Counsel does not seek to make Plaintiff come to downtown Chicago, or to navigate a building in Elgin that he is unfamiliar with. Again, Defendant has proposed that Plaintiff pick *any* location within 100 miles in his home. In fact, Plaintiff now resides at an apartment building that offers amenities such as tenant accessible conference rooms and business center, which appears to be a viable location for the in-person deposition given that it is located on the same premises and

Plaintiff's residence. *Bernard v. Tack, et al*, 23-cv-50130. Dkt. 99; https://www.lumenfoxvalley.com/amenities/. (Business center with private and co-working spaces). Plaintiff has appeared for two depositions in these conference rooms with two members of his counsel present on September 5 and 12, 2025 for case *Bernard v. Jeffreys, et al.*, 25-cv-50365.

13. In fact, Mr. Bernard will be traveling to Peoria for a jury trial on Tuesday, September 23, 2025, in *Bernard v. Hart, et al.*, 18-cv-1333-SLD (C.D. Ill.). Aurora is over 100 miles from Peoria.

14. Mr. Bernard can travel. Mr. Bernard can travel over 100 miles. Mr. Bernard is not, to undersigned's knowledge, immuno-compromised. Plaintiff's counsel presented no evidence to support their position that there are zero circumstances in which Plaintiff Bernard cannot sit with Defendants' counsel for a deposition in a case for which he is requesting millions of dollars from them. Respectfully, this Court should order an in-person deposition at a location of Mr. Bernard's choosing, within 100 miles of his residence in Aurora.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully requests this Honorable Court grant their Motion to Compel the in-person deposition of the Plaintiff and for such further relief as the Court finds reasonable and just.

Date: September 22, 2025

KWAME RAOUL
Attorney General of Illinois

Respectfully submitted,

By: /s/ *Thomas Pietryla*
THOMAS PIETRYLA
Assistant Attorney General
General Law Bureau-Chicago
115 S. LaSalle Street
Chicago, Illinois 60603
(217) 720-9690

4